UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Joshua Morales,

                    Plaintiff,

-v-

The City of New York, New York City Police Department Sergeant ("Sgt.") Leslie Rosa, New York City Police Department Officer ("P.O.") Shaniqua Clark, Shield No. 8981, P.O. Carlos Morales, Shield No. 6220, and John Doe, in their individual capacities,

                    Defendant.

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Index No. 16CV0949 (VEC)

---

Plaintiff Joshua Morales, through his attorney David B. Rankin of Rankin & Taylor, PLLC as and for his amended complaint, does hereby state and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff Joshua Morales rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally arrested him without probable cause. By reason of defendants' actions, including the unreasonable and unlawful seizure of plaintiff's person, he was deprived of his constitutional rights.

3. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

1

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

7. Plaintiff Joshua Morales ("Mr. Morales") was at all times relevant to this action a resident of the County of New York in the State of New York.

8. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. Defendants Sergeant ("Sgt.") Leslie Rosa, New York City Police Department Officer ("P.O.") Shaniqua Clark, Shield No. 8981, P.O. Carlos Morales, Shield No. 6220, and P.O. John Doe, referred to collectively as the "individual defendants" are and were at all times relevant herein, officers, employees and agents of the NYPD.

10. The individual defendants are being sued herein in their individual capacities under federal law.

11. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duty. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers,

agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

12. The true name and shield number of defendant P.O. John Doe is not currently known to the plaintiff.[1] However, he was an employee or agent of the NYPD on the date of the incident. Accordingly, he is entitled to representation in this action by the New York City Law Department ("Law Department") upon his request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officer as a defendant in an amended pleading once the true name and shield number of said defendant becomes known and (b) that the Law Department should immediately begin preparing his defense in this action.

## STATEMENT OF FACTS

13. On March 21, 2014 at approximately 3:00 p.m. plaintiff Mr. Morales encountered his friend V. S. at the intersection of Southern Boulevard and East 174th Street in the County of the Bronx.

14. Mr. Morales spoke with Ms. S. who was upset because she had recently lost her job.

15. Mr. Morales gave Ms. S. a business card for his employer with a suggestion that she seek employment there.

16. An individual defendant officer approached Mr. Morales and Ms. S. and detained them both and placed them inside a police van.

17. Mr. Morales was search by one of the individual defendant officers and no contraband was recovered from his person.

18. The individual defendants knew they did not have probable cause to arrest Mr. Morales.

---

[1] By identifying said defendant as "John Doe" plaintiff is making no representations as to the gender of said defendant.

3

19. The individual defendants failed to intervene in the unlawful arrest of Mr. Morales.

20. Mr. Morales was taken to the 42nd precinct.

21. Mr. Morales was arraigned the next day on the charge of Criminal Sale of a Controlled Substance in the Third Degree and Criminal Possession of a controlled substance in the seventh degree based upon the false statements of P.O. Rosa.

22. The charges against Mr. Morales were dismissed on May 27, 2014.

23. As a result of individual defendants' unlawful conduct, Mr. Morales experienced physical, emotional, mental and psychological pain and suffering and was deprived of his liberty.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF RIGHTS
### UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983

24. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

25. By the individual defendants' conduct and actions in falsely arresting plaintiff, fabricating evidence against plaintiff, maliciously prosecuting plaintiff, abusing the criminal process, and by failing to intercede to prevent the complained of conduct, defendants acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth, and Fourteenth Amendments.

26. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

///

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS – 42 U.S.C. § 1983
(Against Defendant City of New York)

27. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28. At all times material to this complaint, defendant The City of New York had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

29. At all times material to this complaint, defendant The City of New York failed to properly train, screen, supervise, or discipline its employees and police officers, including individual defendants, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individual defendants.

30. The policies, practices, customs and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

31. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

///

### JURY DEMAND

32. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

    a.    That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

    b.    That he be awarded punitive damages against the individual defendants; and

    c.    That he be compensated for attorneys' fees and the costs and disbursements of this action; and

    d.    For such other further and different relief as to the Court may seem just and proper.

Dated:    New York, New York
            June 10, 2016

Respectfully submitted,

By: _____
David B. Rankin, Esq.
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 1007
t: 212-226-4507